Submitted on the record August 11, resubmitted November 25, application for reinstatement approved December 3, 1998

In the Matter of
the Application for Reinstatement of

## DAVID K. ALLEN,
*Applicant.*

## (OSB 94-191; SC S41729)

970 P2d 629

Marc D. Blackman, of Ransom Blackman, Portland, for applicant.

Jeffrey D. Sapiro, Disciplinary Counsel, Lake Oswego, for the Oregon State Bar.

PER CURIAM

## PER CURIAM

■■ In *In re Allen*, 326 Or 107, 949 P2d 710 (1997), this court suspended applicant from the practice of law for a period of one year. That suspension will expire on February 18, 1999. Applicant seeks early reinstatement. For the reasons that follow, we conclude that applicant is entitled to receive credit toward the remaining period of his disciplinary suspension for time that he spent in a voluntary and complete withdrawal from the practice of law pending completion of the disciplinary proceeding (withdrawal credit). We therefore reinstate him. However, we also conclude that, until the Board of Governors (Board) of the Oregon State Bar (Bar) evaluates the merits of withdrawal credit and, if it so chooses, recommends—and this court approves—an amendment to the State Bar Rules of Procedure (Rules of Procedure) that incorporates withdrawal credit, this court no longer will extend withdrawal credit.

In *Allen*, after determining that a one-year suspension was the appropriate sanction for applicant's misconduct, the court addressed briefly "the question whether the accused is entitled to credit for any time spent in a voluntary withdrawal from the practice of law before the imposition of the disciplinary suspension * * *." *Id.* at 131. The court reasoned that the concept of withdrawal credit is consistent with the goals of lawyer discipline, which include "[protection of] the public and the administration of justice." *Ibid.*; *see also* American Bar Association's *Standards for Imposing Lawyer Sanctions* 1.1 (1991) (amended 1992) (ABA Standards) (stating same). However, the court found that the record in *Allen* was insufficient to determine, at that time, whether applicant was entitled to receive credit for any time that he had spent in a voluntary and complete withdrawal from the practice of law pending completion of the disciplinary proceeding in his case. The court held:

> "In order to qualify for such credit, the accused must demonstrate, in a formal application for reinstatement filed under [Rule of Procedure] 8.1(a), that he has complied with all requirements for reinstatement and, as a matter of fact, has refrained completely from the practice of law for not

less than the required period of the disciplinary suspension." *Allen*, 326 Or at 132.

Shortly thereafter, applicant filed a formal application for reinstatement. After conducting its investigation, the Board recommended applicant's reinstatement on character and fitness grounds, but submitted to this court the question whether applicant is entitled to any credit against the term of his suspension for time that he spent in a voluntary and complete withdrawal from the practice of law. The court referred the matter to the Bar for a hearing before its Disciplinary Board.

No hearing occurred. Instead, on July 20, 1998, applicant and the Bar agreed to a factual stipulation regarding applicant's employment between March 1994 (when applicant committed the criminal misconduct that resulted in his one-year suspension) and June 24, 1998 (when applicant accepted a position as a staff attorney for the Office of Public Advocacy in Fairbanks, Alaska). Based on that stipulation, applicant filed a motion requesting that this court reconsider its order of referral. In addition to timing considerations, applicant asserted that "[t]his court is uniquely qualified to determine whether [applicant] is entitled to credit for the time he voluntarily withdrew from the practice of law prior to his formal suspension." We allowed the motion.

The stipulation reveals that applicant did not engage in the practice of law for a period of 25 months between March 1995 and February 1998. During that time, he served only as a law clerk for lawyers. He did not accept fees from any client, and he claimed the "law clerk" exemption from coverage by the Professional Liability Fund.

As noted above, the court in *Allen* adopted the concept of withdrawal credit and held that applicant "is a candidate for such credit" upon a showing that he "refrained completely from the practice of law for not less than the required period of the disciplinary suspension." *Id.* The stipulation reveals that applicant did so. Consequently, we conclude that applicant is entitled to withdrawal credit for the time remaining on the period of his disciplinary suspension.

Granting applicant withdrawal credit in this reinstatement proceeding does not end the matter. In considering applicant's entitlement to withdrawal credit, we also have considered whether it was premature for this court to insert the concept of withdrawal credit into the lawyer discipline process. We conclude that it was. Consequently, we now decline to implement further that portion of *Allen* that introduced the concept of withdrawal credit.

The lawyer discipline process, including reinstatement proceedings, is governed by the Rules of Procedure that the Board adopts and this court approves. ORS 9.005(8); ORS 9.542; BR 1.2; *see also In re Barber*, 322 Or 194, 206, 904 P2d 620 (1995) (describing process). Although in *Allen* the court did not describe the concept of withdrawal credit as an amendment to the lawyer discipline process, such credit could be viewed as having that effect. As described in *Allen*, withdrawal credit also may have other unforeseen effects on the lawyer discipline process that deserve evaluation. We conclude that the better course is for the Board in the first instance to consider whether the Rules of Procedure should be amended to incorporate the concept of withdrawal credit and, if so, how withdrawal credit should be administered to serve the goals of the lawyer discipline process. As stated at the outset of this opinion, until the Board evaluates the merits of withdrawal credit and, if it so chooses, recommends—and this court approves—an amendment to the Rules of Procedure that incorporates withdrawal credit, this court no longer will extend withdrawal credit.

Application for reinstatement approved.